UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANDRE HUNTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:14-cr-00122-NT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER ON PETITION FOR POSTCONVICITON RELIEF**

Petitioner seeks habeas corpus relief, citing 28 U.S.C. § 2241. (Motion, ECF No. 57). Following a guilty plea, Petitioner was convicted of conspiracy to distribute heroin and cocaine and possession with intent to distribute heroin and cocaine; the Court sentenced Petitioner to 235 months in prison. (Judgment, ECF No. 37.) The First Circuit affirmed. *United States v. Hunter*, 653 F. App'x 11 (1st Cir. 2016).

Because the petition challenges his conviction and sentence, the petition is properly characterized as a motion pursuant to 28 U.S.C § 2255, to vacate, set aside or correct his sentence.

### DISCUSSION

Because Petitioner filed the motion in the district of conviction rather than in the district of detention, and because Petitioner seeks relief from his sentence, his motion, in substance, is a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. Petitioner has not established that proceeding under § 2255 is

inadequate or ineffective to test the legality of his detention and thus he has not established that he may proceed under § 2241 through the § 2255(e) savings clause.

In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court discussed the process by which a court may construe a request for relief as a section 2255 motion:

> Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal prisoner has labeled differently. Such recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a "second or successive" (but not upon a first) federal habeas motion. In light of these consequences, we hold that the court cannot so recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.

*Id.* at 377 (citations omitted). The Supreme Court also explained that the reason for permitting a petitioner to amend the motion is "so that it contains all the § 2255 claims he believes he has." *Id.* at 383.

Given the relief Petitioner seeks, the characterization of Petitioner's motion as a section 2255 motion is appropriate. In accordance with *Castro*, therefore, the Court advises Petitioner that any subsequent section 2255 motions will be subject to the second or successive restrictions applicable to section 2255 motions. Petitioner may either withdraw or amend his section 2255 motion in accordance with this Order.

## CONCLUSION

The Court (1) advises Petitioner that the Court has construed his pro se filing (ECF No. 57) to be a first Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255; (2) advises Petitioner that if at some point in the future Petitioner files a second or successive section 2255 motion, the recharacterization of this first section 2255 motion will subject him to the restrictions on second or successive collateral challenges; and (3) permits Petitioner until May 23, 2020, either to withdraw or to amend his section 2255 motion if he wishes to do so.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72 and Federal Rule of Criminal Procedure 59.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of April, 2020.