UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) Civil No. 2:14-cr-00122-NT |
| | ) |
| ANDRE HUNTER, | ) |
| | ) |
| Defendant. | ) |

**ORDER TO SHOW CAUSE**

On June 15, 2020, Andre Hunter moved for compassionate release. (ECF No. 61.) I have considered Mr. Hunter's motion, the submission by the United States Probation Office (ECF No. 63), and Mr. Hunter's response to my Order to Show Cause (ECF No. 65). Mr. Hunter's motion for compassionate release is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 18, 2014, Mr. Hunter pleaded guilty to conspiracy to distribute heroin and cocaine, possession with intent to distribute heroin, and possession with intent to distribute cocaine. *See* Minute Entry (ECF No. 28). On May 15, 2015, I sentenced him to 235 months imprisonment on each of the three counts, to be served concurrently. Judgment (ECF No. 37). By my calculations, Mr. Hunter has served only approximately 30% of his sentence and his projected release date is in June of 2031.

At the time of his sentencing, Mr. Hunter, who is now 55 years old, rated his health as "excellent." Presentence Investigation Report 35 (ECF No. 63-1). Though his motion states that he has multiple health issues that warrant release, Mr. Hunter has failed to establish what those conditions are, or how they increase his risk from

COVID-19. The Bureau of Prisons ("**BOP**") has identified him as Level Two for physical health, meaning that his health conditions can be managed through routine, regularly scheduled appointments with clinicians for monitoring. Mr. Hunter points only to his age and the fact that the immune system becomes less effective at fighting infections as someone ages. Response to Order to Show Cause 1–3.

Mr. Hunter is incarcerated at FCI Allenwood Medium, a facility that has not reported a single active COVID-19 infection among inmates and only one case in a staff member, who has recovered. Mr. Hunter asserts that there is no testing for COVID-19 at the facility, but BOP reports that 63 inmates at FCI Allenwood Medium have received negative tests, out of 1,068 inmates in the facility. Response to Order to Show Cause 3; Bureau of Prisons, COVID-19 Inmate Test Information, available at https://www.bop.gov/coronavirus/ (last visited July 21, 2020).

## LEGAL STANDARD

Section 3582(c)(1)(A) provides that:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)   In any case—
>
>    (A)   The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) Extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

The United States Sentencing Commission's policy statements on compassionate release are found at § 1B1.13 of the sentencing guidelines. Section 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
>
> . . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The Sentencing Commission elaborates on what constitutes "extraordinary and compelling reasons" in the Commentary to § 1B1.13. In discussing medical-based and family-based reasons, the Commission writes:

(A) **Medical Condition of the Defendant.—**

3

    (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)    The defendant is —

        (I)    suffering from a serious physical or medical condition,
        (II)    suffering from a serious functional or cognitive impairment, or
        (III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

. . . .

(C) **Family Circumstances.—**

    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13, Application Note 1. The Note addresses age-based reasons in subdivision (B), and then provides: "**Other Reasons.—**As determined by the Director of the Bureau of Prisons,[1] there exists in the defendant's case an extraordinary and

---

1    Prior to the passage of the First Step Act of 2018 ("**First Step Act**"), only the Director of the Bureau of Prisons could move for modification of a sentence. In December of 2018, Congress amended § 3582(c) to allow inmates to seek a modification of sentence from the courts directly "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*

## ANALYSIS

As the compassionate release statute and guidelines indicate, I may modify Mr. Hunter's sentence of imprisonment if I find that: (1) extraordinary and compelling reasons warrant modification, (2) modification accords with the § 3553(a) sentencing factors, (3) Mr. Hunter is not a danger to the safety of any other person or

---

request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (codified at 18 U.S.C. § 3582(c)(1)(A) (2018)).

Subdivision (D) to Advisory Comment 1 specifies that "the Director of the Bureau of Prisons" may decide if other extraordinary and compelling circumstances exist that warrant compassionate release. Following the enactment of the First Step Act, district courts have split on the question of whether it is appropriate for courts to "exercise similar discretion as that previously reserved to the BoP Director in evaluating motions by defendants for compassionate release." *United States v. Beck,* 2019 WL 2716505, at **6, 9 (M.D. N.C. June 28, 2019). This Court and two others in the First Circuit have concluded that courts may consider other extraordinary and compelling reasons for compassionate release, notwithstanding the language of Subdivision (D) to Advisory Comment 1, after the First Step Act. *United States v. Fox,* 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) (collecting cases, discussing split of authority, and "agree[ing] with the courts that have said that the Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive given the statutory change."); *see United States v. Rich*, No. 17-CR-094-LM, 2020 WL 2949365, at *2 n.1 (D.N.H. June 3, 2020) (same); *United States v. Pena,* No. CR 16-10236-MLW, 2020 WL 2798259, at *8 (D. Mass. May 29, 2020) (describing the requirement of subdivision D that the BOP determine that an extraordinary and compelling reason exists as "vestigial and inoperative" after the First Step Act); *see also United States v. Maher,* No. 2:04-CR-00093-GZS, 2020 WL 390884, at *3 (D. Me. Jan. 22, 2020) (declining to exercise the court's discretion under subdivision (D) to conclude than another reason warrants compassionate release). District courts outside of the First Circuit are split on the question. *Compare, e.g.*, *United States v. Lisi,* No. 15 CR. 457 (KPF), 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court finds that the majority of district courts to consider the question have found that the [First Step Act] grant[s] this Court the same discretion as that previously give to the BOP Director, and therefore the Court may independently evaluate whether Lisi has raised an extraordinary and compelling reason for compassionate release."); *Beck,* 2019 WL 2716505, at **6, 9 (same); *with United States v. Garcia,* No. 4:05-CR-40098, 2020 WL 2039227, at *5 (C.D. Ill. Apr. 28, 2020) (concluding that the definition of "extraordinary and compelling reasons" does not directly conflict with the text of the First Step Act and "therefore conclud[ing that] the policy statement has not been overridden by the First Step Act to allow courts the same discretion conferred to the BOP Director by the Sentencing Commission's policy statement"); *United States v. Sandoval,* No. CR14-5105RBL, 2020 WL 3077152, at *4 (W.D. Wash. June 10, 2020) (same) (citing nine cases).

the community, and (4) modification is consistent with applicable policy statements of the Sentencing Guidelines.

Mr. Hunter does not present extraordinary and compelling reasons that warrant compassionate release. First, Mr. Hunter has not established that he has medical conditions that put him at greater risk of severe illness from COVID-19. Mr. Hunter points only to his age and the fact that the immune system becomes less effective at fighting infections as someone ages. Response to Order to Show Cause 1–3. Mr. Hunter's age, in the absence of medical conditions that elevate his risk of severe illness from COVID-19 above that of an average 55-year-old male, does not warrant release, especially given that FCI Allenwood Medium has had zero confirmed COVID-19 cases in inmates.

Mr. Hunter also argues that his family circumstances warrant release, because his elderly mother suffers from cancer and his five children have been significantly impacted by COVID-19. Response to Order to Show Cause 6. The only family circumstances that warrant early release under the Sentencing Guidelines are "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, Application Note 1(C). Mr. Hunter alleges only generally that his children have been impacted by COVID-19, but not that they are dealing with "the death or incapacitation" of their caregiver or a similarly dire situation. As to Mr. Hunter's wish to assist his mother, "[w]hile certainly admirable, a desire to

help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason' for release under U.S.S.G. § 1B1.13." *United States v. Goldberg*, No. CR 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020).

Even if Mr. Hunter could establish extraordinary and compelling reasons for his release, reducing his sentence would be inconsistent with the § 3553(a) factors, including protection of the public. I sentenced Mr. Hunter to a 235-month term of incarceration because of the seriousness of his drug offenses. *See* 18 U.S.C. § 3553(a)(1). Reducing Mr. Hunter's sentence by 70% would undercut the seriousness of the offense, respect for the law, and the need to deter future criminal conduct. *See* 18 U.S.C. § 3553(a)(2).  Further, Mr. Hunter's presentence report shows a serious criminal record that contains crimes of violence, sexual assaults, and multiple violations of parole and probation. Given his lengthy criminal record, it would be difficult to find that the safety of the community could be assured if Mr. Hunter were to be granted early release.

## CONCLUSION

For these reasons, I **DENY** Mr. Hunter's motion for compassionate release (ECF No 61).

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated: July 21, 2020